IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT C. MITCHELL, #S07758, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 17-cv-00245-NJR ) |
| MICHAEL SCOTT, CHRISTINE BROWN, and JACQUELINE LASHBROOK, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Albert C. Mitchell, an inmate currently incarcerated in Pinckneyville Correctional Center ("Menard"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the Complaint, Defendants have been deliberately indifferent to Plaintiff's serious medical condition. Specifically, Plaintiff contends he suffers from a sexually transmitted disease ("STD") and/or ringworm infection in his genital region. Plaintiff contends the condition is worsening, and Defendants have refused to provide necessary treatment and/or testing.

In connection with his claims, Plaintiff names Michael Scott (Pinckneyville Physician), Christine Brown (Pinckneyville Health Care Unit Administrator), and Jacqueline Lashbrook (former Pinckneyville Warden).

Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. His request for injunctive relief includes a request for an "immediate injunction" directing Defendants to

1

screen Plaintiff for an STD. The Court construes Plaintiff's request for immediate injunctive relief as a Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff has circular markings and discoloration in his genital region that he believes are spreading. (Doc. 1, pp. 5-7). He is also experiencing itching, irritation, pain, coldness, and numbness in his genital region. (Doc. 1, p. 7). This condition causes pain on a daily basis. *Id.*

Plaintiff has a history of engaging in unprotected sex and is concerned his symptoms are the result of a sexually transmitted disease. (Doc. 1, p. 5). Alternatively, Plaintiff contends he may be suffering from ringworm. (Doc. 1, p. 6). He claims that an online physician previously observed his genital discoloration and opined that Plaintiff has ringworm. *Id*. According to the Complaint, the online physician directed Plaintiff to "get a shot of penicillin" to treat the ringworm. (Doc. 1, p. 6).[1]

On May 20, 2016, Plaintiff attended an appointment with Scott for evaluation of his genital condition. (Doc. 1, p. 6). Scott conducted a visual examination of Plaintiff's genitals, but Scott did not touch or manipulate Plaintiff's genitals or complete any laboratory screenings. *Id*. Scott informed Plaintiff that the markings and discoloration in Plaintiff's genital region are normal skin pigmentation and do not require medical treatment. *Id.* When Plaintiff objected, Scott responded stating "That's normal, if I pull mine out, I got the same thing too." *Id.* Scott disregarded Plaintiff's continued objection and was condescending to him. *Id.* Plaintiff asked if he could at least be screened for an STD but Scott refused, insisting that there is nothing wrong with Plaintiff. *Id.*

On May 22, 2016, Plaintiff made a request with the Pinckneyville HealthCare Unit ("HCU") for an STD screening. (Doc. 1, p. 5). Subsequently, Plaintiff was called from his cell to speak with an in-house nurse. *Id*. For reasons that are not entirely clear, Plaintiff was never able to meet with the in-house nurse. *Id.* Plaintiff believes the nurse forgot Plaintiff was waiting for an examination. *Id.* Plaintiff subsequently received a letter, however, stating that he had refused medical treatment. *Id.* Plaintiff maintains that he never refused treatment. *Id.*

---

[1] The Court notes, as is supported by the exhibits attached to Plaintiff's Complaint, that ringworm is a fungal infection treatable with antifungal medications. (Doc. 1, p. 16). Penicillin is an antibiotic and not an antifungal medication.

On July 6, 2016, Plaintiff had another appointment with Scott. (Doc. 1, p. 5). Because the appointment was scheduled for evaluation of Plaintiff's unrelated jaw pain, Scott refused to re-examine Plaintiff's genitals or to address his concerns regarding his genital condition. *Id.* Scott indicated that if Plaintiff had "another issue, [he would] have to start the process over, and pay at the in-house nurse sick-call, first." (Doc. 1, p. 5). Plaintiff further contends that Scott's interactions with Plaintiff were condescending and unprofessional. *Id.*

Plaintiff alleges that he filed a grievance regarding the lack of treatment for his genital condition, he has appealed the denial of this grievance, and he has exhausted the administrative remedy process. (Doc. 1, p. 7). A grievance dated July 12, 2016, is attached as an exhibit to the Complaint. (Doc. 1, pp. 14-15). In the grievance, Plaintiff states that medical staff refuses to treat the discoloration and "skin-pigment" issues in his groin. *Id.* The grievance does not indicate that Plaintiff is experiencing additional symptoms (*i.e.* pain, coldness, irritation, numbness, and itching). *Id.* The grievance was denied because "medical records reflect[ed] that this discoloration has been documented for 15 years" and the physician explained the discoloration is a cosmetic issue that does not require treatment. (Doc. 1, p. 14).

As to Lashbrook and Brown, Plaintiff alleges that he repeatedly wrote to both Defendants seeking assistance in receiving medical attention. (Doc. 1, p. 2).

## Discussion

Based on the allegations of the Complaint and Plaintiff's articulation of his claims, the Court finds it convenient to divide the *pro se* action into a single count. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **COUNT 1 –** Defendants responded to Plaintiff's serious medical need (genital discoloration, itching, pain, coldness, numbness, and irritation)

with deliberate indifference, in violation of the Eighth Amendment.

The Eighth Amendment of the United States Constitution bars the cruel and unusual punishment of prisoners, and prison officials violate this proscription "when they display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). To bring an Eighth Amendment claim against a physician, a prisoner has two hurdles to clear: he must first show that his medical condition is "objectively" serious, and he must then allege that the medical professional acted with the requisite state of mind. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).

An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Factors that indicate a serious condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

If Plaintiff's only complaint pertained to skin discoloration, the Court would likely conclude that Plaintiff had failed to allege the existence of an objectively serious medical condition. This is particularly true in light of the exhibit attached to the Complaint indicating that the discoloration in Plaintiff's groin has been document for 15 years and is merely a cosmetic issue. Plaintiff has alleged that in addition to skin discoloration, however, he is suffering from

5

pain, irritation, itching, numbness, and coldness. Plaintiff also contends his condition is worsening, and he has articulated reasons for believing that his condition is the result of an STD or ringworm infection. Taken together, Plaintiff's symptoms sufficiently suggest that a serious medical need is at issue.

Plaintiff's Complaint also sufficiently alleges, at the screening stage, that Scott acted with deliberate indifference. To be sure, "medical malpractice, negligence, or even gross negligence" by a physician "does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1012-13 (7th Cir. 2006). Because deliberate indifference is such a demanding state of mind requirement, there is no constitutional violation merely because a physician's treatments ultimately prove ineffective, *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008), nor is there a constitutional violation solely because a doctor refuses to give a prisoner the exact treatment he wishes, *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). That said, deliberate indifference can exist if a professional's decision represents "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). It also can exist when an official fails to provide any treatment for a medical condition, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), when an official persists with ineffective treatment for a medical problem, *Greeno*, 414 F.3d at 655, or when an official delays medical treatment or needlessly prolongs a prisoner's pain, *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Read liberally, Scott's refusal to provide Plaintiff with an STD screening or evaluate Plaintiff for a ringworm infection could be construed as deliberate indifference—at least at this stage in the litigation.

As to Lashbrook and Brown, a basis for personal liability may arise if either defendant received correspondence providing her with sufficient knowledge of an underlying constitutional deprivation. *See Perez v. Fenoglio*, 792 F.3d 768, 781-81 (7th Cir. 2015) (finding that prison officials who received detailed correspondence about a failure to treat a medical condition may be personally liable for failing to act upon receipt of those grievances). Here, Plaintiff has alleged that he repeatedly wrote letters to Lashbrook and Brown regarding the constitutional violation at issue in this case. Although the Complaint is light on details with regard to this correspondence, the Court finds that Plaintiff has (barely) stated a claim as to Lashbrook and Brown for deliberate indifference. Accordingly, Count 1 shall receive further review as to Scott, Lashbrook, and Brown in their personal capacities.

## Injunctive Relief—Proper Defendant

The Court notes that Plaintiff is seeking injunctive relief. The warden is the appropriate party for injunctive relief in a case alleging deliberate indifference to serious medical needs. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, the Clerk will be directed to add Karen Jaimet, the acting warden of Pinckneyville, in her official capacity, for purposes of carrying out any injunctive relief that is ordered.

## Pending Motions

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) shall be addressed in a separate Order of this Court. For purposes of determining how service of process shall proceed, however, the Court observes that Plaintiff appears to qualify for pauper status. Accordingly, service of summons and the Complaint will be effected at government expense. *See* 28 U.S.C. § 1915(d). In light of this decision, Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) shall be **DENIED as moot**.

Plaintiff also has filed a Motion for Recruitment of Counsel. (Doc. 4). This motion shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson.**

In addition, based on the allegations in the Complaint and Plaintiff's requested relief, the Clerk shall be directed to add a Motion for Preliminary Injunction as a separate docket entry in CM/ECF. This motion shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for prompt disposition.

### Disposition

The **Clerk** is **DIRECTED** to **ADD** a **Motion** for **Preliminary Injunction** as a separate docket entry in CM/ECF. This motion is hereby **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for prompt disposition.

The **Clerk** is **DIRECTED** to add **KAREN JAIMET, the acting warden of Pinckneyville**, in her official capacity, for purposes of carrying out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **SCOTT, BROWN,** and **LASHBROOK.**

With respect to **COUNT 1**, the Clerk of the Court shall prepare for Defendants **SCOTT, BROWN, JAIMET,** and **LASHBROOK:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant,

and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 13, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**