IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT C. MITCHELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-245-NJR-DGW |
| MICHAEL SCOTT, CHRISTINE BROWN, JACQUELINE LASHBROOK, and KAREN JAIMET, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 30), which recommends denying the motion for injunctive relief filed Plaintiff Albert Mitchell on March 13, 2017 (Doc. 7). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation and denies the motion for injunctive relief.

Plaintiff Albert Mitchell was previously incarcerated in the Illinois Department of Corrections. He filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on March 8, 2017, alleging he was denied adequate medical treatment for an infection of his genital area while he was incarcerated at Pinckneyville Correctional Center (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Mitchell was permitted to proceed on an Eighth Amendment deliberate indifference claim against Dr. Michael Scott, Health Care Administrator Christine Brown, and former

Pinckneyville Warden Jacqueline Lashbrook (Doc. 6). The acting Pinckneyville Warden, Karen Jaimet, is a defendant in this action only in her official capacity for purposes of carrying out any injunctive relief that may be ordered (Doc. 6).

In his complaint, Mitchell included a request for an immediate injunction "to cause Defendants to screen Mitchell for S.T.D.'s and/or other potential medical condition [sic] related or unrelated to the cause of this complaint" (Doc. 1, p. 9), which was construed as a motion for preliminary injunction (Doc. 6). In response to Mitchell's request for preliminary injunctive relief, Defendant Scott asserted that Mitchell's request was moot given that Mitchell was released from custody (Doc. 26). Indeed, the Court's records indicate that as of May 9, 2017, Mitchell had a private address and was no longer incarcerated (Doc. 22).

Magistrate Judge Wilkerson issued the Report and Recommendation that is currently before the Court on July 7, 2017 (Doc. 30). He concluded that Mitchell's claims for injunctive relief were mooted by virtue of his release from custody (Doc. 30). Objections to the Report and Recommendation were due on or before July 24, 2017. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed. Where neither timely nor specific objections to the Report and Recommendation are made, however, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Mitchell's motion and the Report and Recommendation, the undersigned fully agrees with the analysis and conclusions of Magistrate Judge Wilkerson. The Report and Recommendation (Doc. 30) is **ADOPTED** in its entirety, and the motion for injunctive relief (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 2, 2017**

**NANCY J. ROSENSTENGEL**
**United States District Judge**